KING, P.J.,
for the Court:
¶ 1. Namon Cooley (Cooley) perfected this appeal from an order of the Circuit Court of Lauderdale County, Mississippi which denied post-conviction relief. Cooley, as an habitual offender, was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections for selling cocaine. The following allegations of error are taken verbatim from appellant’s brief: 1) whether the trial court erred when it failed to grant defendant’s post conviction relief because the indictment was unlawfully based on altered and falsified information, 2) whether the trial court erred when it failed to grant post-conviction relief based on a photo-lineup conducted outside the presence of defendant’s attorney, 3) whether ineffective as *615 sistance of counsel caused defendant to accept a blind guilty plea to a criminal offense he did not commit, and 4) whether the plea proceeding was lawfully carried out contrary to the rules that govern guilty pleas.
FACTS
¶ 2. On June 25, 1997, Namon Cooley was arrested for selling cocaine to a confidential informant who was working with undercover agent Joshua Coleman. Cooley provided the informant with two rocks of crack cocaine in exchange for $40. On November 16, 1997, a Lauderdale County Grand Jury indicted Cooley, as an habitual offender based on two prior felony convictions, for selling cocaine.
¶ 3. On April 20, 1998, in open court, Cooley entered his guilty plea to the sale of cocaine charge. The trial judge informed Cooley that a guilty plea would waive his right to a jury trial, other constitutional protections, and an appeal to the supreme court. Cooley stated that he understood. The trial judge then questioned Cooley extensively to determine whether his plea to the charge was knowingly and voluntarily made. Cooley testified that he drank one twelve ounce beer earlier that morning. When questioned by the trial judge on whether the beer affected him at that moment, Cooley said no. Cooley acknowledged having suffered from epileptic seizures about fifteen years ago. When questioned by the trial judge on whether the seizures affected his ability to distinguish right from wrong, Cooley responded by saying no. The charge was read, and Cooley testified that he understood the nature of the charge.
¶ 4. The trial judge then questioned Cooley to determine if he understood that because of his habitual offender status the maximum sentence allowable was enhanced to sixty years and the maximum fine allowable was enhanced to $2,000,000. Cooley stated that he understood that these were the maximum penalties for his offense. The court then- ordered a pre-sentence investigation.
¶ 5. On May 20, 1998, Cooley was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections. The trial judge ordered Cooley to pay a $5,000 fine plus court costs in the amount of $246. Aggrieved by the sentence imposed, Cooley petitioned the Lauderdale County Circuit Court for post-conviction relief. The motion was denied, and Cooley perfected this appeal.
ANALYSIS AND DISCUSSION OF THE LAW
I.
Whether the trial court erred when it failed to grant defendant’s post-conviction relief because the indictment was unlawfully based on altered and falsified information.
II.
Whether the trial court erred when it failed to grant post-conviction relief based on a photo-lineup conducted outside the presence of defendant’s attorney.
III.
Whether the trial court erred when it failed to grant post-conviction relief based on defendant’s claim of ineffective assistance of counsel.
IV.
Whether the plea proceeding was lawfully carried out contrary to the rules that govern guilty pleas.
¶ 6. In his motion for post-conviction relief, Cooley seeks reversal of his conviction and sentence based on the four issues listed above. The circuit court dismissed the motion for lack of factual support. Likewise, this court agrees and will not consider the issues presented for appeal for lack of factual support pursuant to Miss.Code Ann § 99-39-9 (Rev.1994).
*616 ¶ 7. Miss.Code Ann. § 99-39-9 (Rev. 1994) requires motions for post-conviction relief to include affidavits which state facts and how or by whom these facts will be proven. If the motion does not conform to this standard, then the court may dismiss the motion. Miss.Code Ann. § 99-39-11 (Supp.1999). Cooley’s motion for post-conviction relief did not contain an affidavit, or the names of anticipated witnesses or the substance of their testimony. Nor were affidavits submitted by these witnesses. Cooley provided general statements in his motiop, and Miss.Code Ann. § 99-39-9 (Rev.1994) requires motions for post-conviction relief to be pled with specificity and detail. Perkins v. State, 487 So.2d 791, 793 (Miss.1986). See also Smith v. State, 490 So.2d 860 (Miss.1986)(dismissing defendant’s post-conviction relief motion because he failed to meet the pleading requirements of Miss.Code Ann. § 99-39-9(l)(e)). The trial judge was not in error in dismissing Cooley’s motion.
¶ 8. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT, DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.