¶ 1. Paul Taylor pleaded guilty to three counts of sale of a controlled substance, morphine, in the Circuit Court of Tate County. On June 10, 2005, the circuit court sentenced him to three concurrent nineteen year sentences in the custody of the Mississippi Department of Corrections, with nine years suspended on each sentence. On November 20, 2006, Taylor, through his counsel, filed a motion for post-conviction relief in the circuit court. That motion claimed, without specification, violation of Taylor's Fourth, Fifth, Eighth, and Fourteenth Amendment rights. It further stated that Taylor "has prior mental problems" and that "a mental exam is required to determine whether the court has jurisdiction to adjudicate guilt based on Taylor's mental condition." Taylor asks for a private doctor of his choice to examine him for medical and mental disabilities. Taylor also requests to receive proper treatment for his medical and mental condition.
 ¶ 2. On December 29, 2006, the circuit court entered an order dismissing the motion for post-conviction relief without prejudice because the motion did not contain either an affidavit of facts within his personal knowledge to support his motion or a sworn oath by Taylor as required by Mississippi Code Annotated section 99-39-9(1)(d) and (3) (Rev. 2000), respectively. For reasons not disclosed in the record, Taylor, again through his counsel, chose to perfect a direct appeal rather than correcting and refiling his motion for post-conviction relief in the circuit court.
 ¶ 3. Mississippi Code Annotated section 99-39-9(4) (Rev. 2000) states that if the motion for post-conviction collateral relief "does not substantially comply with the requirements of this section, it shall be returned to the prisoner if a judge of the court so directs. . . ." While this statute does not specify in what procedural device the motion shall be returned to the petitioner, we find no error in the circuit court's dismissing Taylor's post-conviction relief petition without prejudice due to his failure to provide the required oath or affidavit of facts to support his motion. Accordingly, we affirm the circuit court's dismissal of Taylor's post-conviction relief motion without prejudice, so he may refile a procedurally proper motion with the circuit court before the statute of limitations has expired.[1] *Page 374 
 ¶ 4. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURTDISMISSING THE MOTION FOR POST-CONVICTION RELIEF WITHOUTPREJUDICE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TOTHE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
[1] For prisoners pleading guilty, a motion for post-conviction relief must be filed within three years after entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2007). Here, the circuit court entered its sentencing order on June 28, 2005, leaving Taylor three years from that date to file a procedurally proper motion for post-conviction relief with the circuit court. *Page 967