MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. A jury in the Hinds County Circuit Court found Richard Chapman guilty of rape. He later pled guilty to robbing the rape victim. Approximately twenty-four years later, Chapman sought post-conviction relief (PCR). The circuit court sum-
 
 *205
 
 manly dismissed his PCR motion in part because it was barred by the applicable three-year statute of limitations. On appeal, Chapman raises the following assignments of error:
 

 I. His conviction and/or sentence were imposed in violation of the United States Constitution.
 

 II. His due-process rights were violated.
 

 III. The circuit court erred in refusing to conduct an evidentiary hearing.
 

 IV. His guilty plea to the crime of robbery was not voluntary and intelligent.
 

 V. He received ineffective assistance of counsel.
 

 VI. His “custody is illegal.”
 

 VII. His indictments for robbery and rape were defective.
 

 VIII. The jury was not drawn from a fair cross-section of the community.
 

 IX. The prosecution failed to disclose material exculpatory evidence.
 

 X. He is innocent of the crime of rape.
 

 XI. The State failed to preserve his trial transcript and other evidence that would exonerate him.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In 1981, a Hinds County grand jury returned separate indictments against Chapman. One indictment charged him with rape; the other charged armed robbery. On January 27, 1982, a jury found Chapman guilty of rape, and the circuit court sentenced him to life imprisonment. A few months later, Chapman pled guilty to robbery without a firearm, and the court sentenced him to serve ten years’ imprisonment. Chapman never filed a direct appeal.
 

 ¶ 8. On March 21, 2005, the Innocence Project filed on Chapman’s behalf a “Motion for the Preservation and Production of Evidence.” Chapman requested the circuit court order the State to search for biological evidence relating to his rape conviction. The circuit court then ordered the University of Mississippi Medical Center, the Mississippi State Crime Laboratory, the Jackson Police Department, the Hinds County Sheriffs Office, the Hinds County District Attorney’s Office, the Jackson Police Department Crime Lab, and the Hinds County Circuit Clerk’s Office to search for biological evidence relating to Chapman’s rape prosecution. The circuit court directed each entity to provide the status and disposition of any biological evidence and to preserve such evidence until further notice. The Hinds County District Attorney’s Office responded that all evidence from Chapman’s rape case had been destroyed pursuant to an April 19, 1985, court order.
 
 [1]
 

 ¶ 4. On December 27, 2006, Chapman filed his PCR motion, in which he alleged: (1) his “actual innocence” regarding his rape conviction; (2) the circuit court’s failure to abide by Uniform Rule of Circuit and County Court 8.04 in accepting his guilty plea; (3) the State’s failure to preserve exculpatory evidence and his trial transcript; and (4) ineffective assistance of counsel.
 

 ¶ 5. Chapman later filed an amended motion. He argued these same issues and also alleged: (1) his indictments in both the rape and robbery cases were defective; (2) the jury that convicted him of rape was
 
 *206
 
 not drawn from a fair cross-section of the community; and (3) he is serving an “illegal sentence.”
 

 ¶ 6. The circuit court found Chapman was not entitled to relief. It found the motion time-barred under Mississippi Code Annotated section 99-39-5(2) (Supp. 2009), with no exception applicable. Based in part on this ground, the circuit court summarily dismissed the motion without an evidentiary hearing.
 

 ¶7. On appeal, Chapman primarily argues the circuit court should have granted his motion based on the State’s alleged destruction of exculpatory evidence. He also claims the circuit court should have held an evidentiary hearing.
 

 STANDARD OF REVIEW
 

 ¶8. We review the dismissal of PCR motions for an abuse of discretion.
 
 Felton v. State,
 
 18 So.3d 328, 329 (¶ 4) (Miss.Ct.App.2009) (citation omitted). The trial court may summarily dismiss a PCR motion where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Supp.2009).
 
 See also State v. Santiago,
 
 773 So.2d 921, 923-24 (¶ 11) (Miss.2000). This Court will affirm the summary dismissal of a PCR petition if the petitioner fails to demonstrate “a claim procedurally alive substantially showing the denial of a state or federal right.”
 
 Robinson v. State,
 
 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009) (quoting
 
 Flowers v. State,
 
 978 So.2d 1281, 1283 (¶ 5) (Miss.Ct.App.2008)). We review questions of law de novo.
 
 Felton,
 
 18 So.3d at 330 (¶ 4).
 

 DISCUSSION
 

 ¶ 9. Here, Chapman claims he is actually innocent of rape and that DNA testing of biological evidence in his case would exonerate him.
 

 ¶ 10. We note that in 2009 the Legislature amended the Mississippi Uniform Post-Conviction Collateral Relief Act (UP-CCRA). The amended UPCCRA provides a procedure for an inmate to file “a motion to request forensic DNA testing of biological evidence.” Miss.Code Ann. § 99-39-5 (Supp.2009). And section 99-39-5(l)(f) now provides an avenue for post-conviction relief if:
 

 [TJhere exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner’s conviction not tested, or, if previously tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
 

 Miss.Code Ann. § 99-39~5(l)(f) (Supp. 2009). These additions to the UPCCRA were effective from and after March
 
 16,
 
 2009.
 
 See
 
 Miss.Code Ann. § 99-39-5. Chapman filed his PCR motion on December 27, 2006, well before current section 99-39-5(l)(f) took effect. Thus, it has no application to his present motion.
 

 ¶ 11. Here, Chapman: (1) failed to provide statutorily mandated supporting affidavits and (2) offered nothing to trigger an exception to the three-year statute of limitations, which had' expired. Therefore, we find his PCR motion is procedurally barred.
 

 I. Statutory Affidavit Requirement
 

 ¶ 12. Though a PCR motion may only challenge a single judgment, Miss.Code Ann. § 99-39-9(2) (Supp.2009), Chapman
 
 *207
 
 raises various alleged errors with respect to both his rape and robbery convictions. In addition to this procedural misstep, Chapman fails to support his claim with specific facts as required by statute. We analyze this deficiency first.
 

 ¶ 13. On March 16, 2009, the Legislature amended the UPCCRA to require a petitioner seeking DNA testing to provide:
 

 [A] statement that there exists a reasonable probability that [he] would not have been convicted or would have received a lesser sentence if favorable results had been obtained through DNA testing at the time of the original prosecution; that the evidence to be tested was secured in relation to the offense underlying the challenged conviction and (i) was not previously subjected to DNA testing, or (ii) although previously subjected to DNA testing, can be subjected to additional DNA testing that provides a reasonable likelihood of more probative results; and that the chain of custody of the evidence to be tested established that the evidence has not been tampered with, replaced or altered in any material respect or, if the chain of custody does not establish the integrity of the evidence, that the testing itself has the potential to establish the integrity of the evidence. For purposes of this paragraph, evidence that has been in the custody of law enforcement, other government officials, or a public or private hospital shall be presumed to satisfy the chain-of-custody requirement, absent specific evidence of material tampering, replacement or alteration, and that the application for testing is made to demonstrate innocence or the appropriateness of a lesser sentence and not solely to unreasonably delay the execution of sentence or the administration of justice.
 

 Miss.Code Ann. § 99 — 39—9(l)(d) (Supp. 2009). Because Chapman filed his PCR motion well before the 2009 enactment, he was not bound by these specific requirements.
 

 ¶ 14. But Chapman did have to comply with the specific requirements of section 99 — 89—9(l)(d) in effect at the time he filed his PCR motion. First, under then-existing law, Chapman had to provide “[a] separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner.” Miss.Code Ann. § 99-39-9(l)(d) (Rev.2007). Second, he had to include “[a] specific statement of the facts which are
 
 not
 
 within the prisoner’s personal knowledge ... [stating] how or by whom said facts will be proven.” Miss. Code Ann. § 99-39-9(l)(e) (Rev.2007) (emphasis added). Third, he was required to attach “[affidavits of the witnesses who will testify and copies of documents or records that will be offered[.]”
 
 Id.
 
 This third requirement may be excused “upon a showing ... of good cause” as to why the affidavits and documents cannot be obtained.
 
 Id.
 

 ¶ 15. Trial courts have discretion to dismiss PCR motions that fail to meet the statutory requirement of supporting affidavits.
 
 Taylor v. State,
 
 984 So.2d 372, 373 (¶¶ 2-3) (Miss.Ct.App.2008);
 
 Winston v. State,
 
 893 So.2d 274, 275 (¶4) (Miss.Ct.App.2005);
 
 Cooley v. State,
 
 765 So.2d 614, 616 (¶ 7) (Miss.Ct.App.2000). Although this Court has often acknowledged that “meritorious claims of pro se petitioners will not be avoided based on inartfully drafted pleadings,” we have instructed that petitioners, even if proceeding pro se, must comply with the dictates of section 99-39-9(l)(d)-(e).
 
 Taylor,
 
 984 So.2d at 373 (¶¶ 2-3);
 
 Winston,
 
 893 So.2d at 275 (¶ 4).
 

 ¶ 16. Chapman’s PCR motion did include a one-page “Verification of Applicant” merely attesting that all information in his motion is true and correct to the
 
 *208
 
 best of his knowledge. The motion itself contained a laundry list of unsupported allegations, including that the State destroyed evidence in bad faith which, if preserved, would have proven his innocence. But Chapman failed to list specific facts based on his personal knowledge or otherwise to substantiate bad-faith destruction of evidence by the State.
 

 ¶ 17. We find Chapman’s “verification” falls far short of the statutory requirements. He offers no “good cause” or explanation for failing to include any affidavits or other supporting documentation. Because he neglected to provide statutorily mandated support for his claims, it is plain from the face of his motion that he is not entitled to any relief.
 
 See
 
 Miss.Code Ann. § 99-39-11(2). Thus, we find the circuit court acted within its discretion in summarily dismissing his PCR motion.
 

 II. Statute of Limitations
 

 ¶ 18. Chapman’s motion is also barred by the statute of limitations. A three-year limitations period applies to any claim for relief under the UPCCRA. Miss.Code Ann. § 99-39-5(2). If the criminal defendant files a direct appeal, the statute begins to run when “the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi.”
 
 Id
 
 If the defendant elects not to appeal directly, the statute begins to run when “the time for taking an appeal from the judgment of conviction or sentence has expired,” or in the case of a guilty plea, when the judgment of conviction was entered.
 
 Id
 

 ¶ 19. There is no question that the three-year statute of limitations had expired. Although we reiterate it is only proper for an inmate to challenge the single conviction for which he is then in custody, Bu
 
 rns v. State,
 
 933 So.2d 329, 330 (¶ 6) (Miss.Ct.App.2006), we point out that Chapman’s challenges to both his rape conviction and his robbery guilty plea came over two decades too late. We must still determine whether Chapman’s PCR motion falls within one of the following exceptions:
 

 [Tjhere has been an. intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
 

 Miss.Code Ann. § 99-39-5(2) (Rev.2007). The petitioner has the burden of proving his case falls within one of these exceptions.
 
 Id
 
 Here, Chapman fails to show that any of these exceptions apply.
 

 ¶ 20. We mention the recently enacted exception found in section 99-39-5(2)(a)(ii), which provides as follows:
 

 [Ejven if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained
 
 *209
 
 through such forensic DNA testing at the time of the original prosecution.
 

 Miss.Code Ann. § 99 — 39—5(2)(a)(ii) (Supp. 2009). But this provision does not apply retroactively to Chapman’s present PCR motion. Aside from his failure to show either previously tested or untested biological evidence exists, Chapman fails to meet his burden of proving newly discovered evidence or other applicable exceptions. Therefore, we find his motion is barred by the three-year statute of limitations.
 

 III. Duty to Preserve Evidence
 

 ¶ 21. Our Legislature recently enacted a procedure for the preservation and destruction of DNA evidence. The State must retain biological evidence “in the amount and manner sufficient to develop a DNA profile from the biological material!;.]” Miss.Code Ann. § 99-49-1(3)(d) (Supp.2009). And “[a]ny evidence in a murder, manslaughter or felony sexual assault ease in the possession of the [S]tate on July 1, 2009, whether biological or not, shall be preserved by the [S]tate[.]” Miss. Code Ann. § 99-49-1(4) (Supp.2009). The UPCCRA also details under what circumstances biological evidence may be destroyed. Miss.Code Ann. § 99-49-l(3)(f)-(h) (Supp.2009). Again, this law was not in effect when evidence used in Chapman’s prosecution was ordered destroyed in 1985. Therefore, it has no application here.
 

 ¶ 22. The most pertinent Mississippi authority on this point concerns spoliation of evidence. The State has “a duty to preserve evidence ‘which might be expected to play a significant role in the suspect’s defense.’ ”
 
 Hendrix v. State,
 
 957 So.2d 1023, 1030 (¶ 16) (Miss.Ct.App.2007) (quoting
 
 Cox v. State,
 
 849 So.2d 1257, 1266 (¶ 24) (Miss.2003)). To prove a spoliation claim:
 

 First, it must be determined whether the evidence would have played a significant role in the defendant’s case. To play a significant role, the exculpatory nature and value of the evidence must have been apparent before the evidence was lost. The second part of the test requires that the defendant have no way of obtaining comparable evidence by other means.... [A] third consideration is whether the [government] acted in bad faith in failing to preserve the potentially exculpatory evidence.
 

 Id.
 
 While we are cognizant this test has perhaps only been applied in the context of the prosecution’s duty to preserve evidence before conviction, we find it helpful in resolving the issue before us.
 

 ¶ 23. Chapman contends the State destroyed evidence in his case in bad faith. However, as the State points out, it would seem that going “through the trouble of obtaining an order from the [circuit court] to permit destruction of the evidence” would negate a claim of bad faith. We tend to agree. But this assertion aside, Chapman’s bare allegation of the State’s bad-faith destruction of evidence is insufficient to warrant post-conviction relief. Thus, we find this issue lacks merit.
 

 IV. Evidentiary Hearing
 

 ¶ 24. Finally, we reject Chapman’s argument that the circuit court should have conducted an evidentiary hearing. Where the circuit court properly grants a summary dismissal, the court need not hold an evidentiary hearing.
 
 Staggs v. State,
 
 960 So.2d 563, 565 (112) (Miss.Ct.App.2007). The circuit court was well within its discretion in summarily dismissing Chapman’s claims under section 99-39-11(2). Therefore, this issue is without merit.
 

 ¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR
 
 *210
 
 POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . The record shows no responses from any of the other entities ordered to search for biological evidence.