# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00474-COA

**BERNICE FRIERSON A/K/A BERNICE JAMES FRIERSON A/K/A BERNICE J. FRIERSON**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:             03/01/2016
TRIAL JUDGE:                  HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:    PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       BERNICE FRIERSON (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: ABBIE EASON KOONCE
NATURE OF THE CASE:           CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 09/12/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., ISHEE AND FAIR, JJ.

### ISHEE, J., FOR THE COURT:

¶1.     In 2013, Bernice Frierson pleaded guilty in Pearl River County Circuit Court to one count of possession of pseudoephedrine with intent to distribute. Frierson was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC). In 2016, Frierson filed a motion for postconviction relief (PCR). The circuit court denied Frierson's PCR motion, finding that the motion was deficient. Frierson now appeals. Finding no error, we affirm.

## FACTS

¶2.     On July 8, 2013, Frierson pleaded guilty to one count of possession of a controlled

substance with intent to distribute in violation of Mississippi Code Annotated section 41-29-139(a)(1) (Supp. 2016). He was sentenced to twenty years in the custody of the MDOC.

¶3. Frierson filed an amended motion[1] for PCR in the Pearl River County Circuit Court on October 27, 2015, claiming that: (1) the circuit court erred in accepting his guilty plea because there was no factual basis presented during his plea hearing; (2) he was not informed of the minimum and maximum sentences he could receive for the charge to which he pleaded guilty; (3) his indictment was insufficient because it did not specifically state where he was going to sell the drugs found in his car at the time of the arrest; and (4) his counsel was ineffective. On March 1, 2016, the circuit court dismissed Frierson's amended motion as deficient in that the motion failed to conform to the requirements of Mississippi Code Annotated section 99-39-9 (Rev. 2015). Specifically, the circuit court found the motion to be deficient because it lacked a "concise statement of the claims or grounds upon which it [was] based, a sworn statement of the specific facts [that were] within [Frierson's] knowledge, and a specific statement of facts which [were] not within his knowledge."

¶4. Frierson appealed on March 11, 2016, asserting the following: (1) there was no factual basis presented during his guilty-plea hearing; (2) he was not informed of the minimum and maximum possible sentences for his charge; (3) his indictment was insufficient; and (4) his counsel was ineffective in failing to prevent these errors.

---

[1] This was Frierson's second attempt to file a motion for PCR for this particular charge. Frierson's first attempt was a joint motion for two separate cases. The circuit court ordered the joint motion returned to him because Mississippi Code Annotated section 99-39-9 (Rev. 2015) requires a motion to be limited to a claim for relief against one judgment only. Frierson amended his motion.

**DISCUSSION**

¶5.     Section 99-39-9(1)(c)-(e) provides that a PCR motion requires—among other things—a concise statement of the claims or grounds upon which it is based, a sworn statement of the specific facts within the movant's knowledge, and a specific statement of facts that are not within the movant's knowledge.

¶6.     In its order dismissing Frierson's motion, the circuit court made clear that it was dismissing the motion as deficient under section 99-39-9.  Specifically, the circuit court found that Frierson's motion lacked various components required by the statute. First, it lacked a concise statement of the claims or grounds upon which Frierson's motion was based. Second, it lacked a sworn statement of the specific facts within his knowledge.  And third, it lacked a specific statement of facts that were not within his knowledge.

¶7.     "Although this Court has often acknowledged that meritorious claims of pro se petitioners will not be avoided based on inartfully drafted pleadings, we have instructed that petitioners, even if proceeding pro se, must comply with the dictates of section 99-39-9(1)(d)-(e)." *Hooghe v. State*, 187 So. 3d 682, 683 (¶5) (Miss. Ct. App. 2016) (quoting *Chapman v. State*, 47 So. 3d 203, 207 (¶15) (Miss. Ct. App. 2010)).

¶8.     The circuit court found that Frierson's amended PCR motion did not meet the requirements set forth in section 99-39-9.  And while neither party addresses this issue on appeal, after reviewing the record, we cannot find that the circuit court erred in dismissing Frierson's PCR motion as deficient.  Therefore, the dismissal of Frierson's PCR motion is affirmed, without prejudice, so that he may refile a motion that complies with the dictates of

section 99-39-9.

¶9.	**AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**