# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00415-COA

**SANFORD MASON**                                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                    **APPELLEE**

DATE OF JUDGMENT:               02/13/2017
TRIAL JUDGE:                    HON. JAMES T. KITCHENS JR.
COURT FROM WHICH APPEALED:      OKTIBBEHA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         SANFORD MASON (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: SCOTT STUART
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 05/22/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., WILSON AND TINDELL, JJ.

### WILSON, J., FOR THE COURT:

¶1.     In 1982, Sanford Mason was tried and convicted of the crime of rape in the Oktibbeha County Circuit Court. The jury returned a guilty verdict and also found that Mason should serve a life sentence. The court sentenced Mason to serve a life term without parole as a habitual offender. The Mississippi Supreme Court affirmed Mason's conviction and sentence on direct appeal. *Mason v. State*, 440 So. 2d 318 (Miss. 1983).

¶2.     In 2013, Mason filed an application in the Mississippi Supreme Court for permission to file a petition for post-conviction relief in the circuit court. His application sought DNA testing of certain evidence allegedly available. The State agreed that Mason should be allowed to file a petition in the circuit court, and a panel of the Supreme Court granted

Mason's application for leave to proceed. *Mason v. State*, No. 2013-M-00253 (Miss. June 10, 2013).

¶3.    After Mason filed his petition in the circuit court, the court appointed counsel to represent him.  Mason's attorney searched diligently for a rape kit and other physical evidence related to the case, but no such evidence could be found.  The circuit court held a hearing on February 6, 2015.  The circuit clerk and witnesses from the City of Starkville Police Department and the Oktibbeha County Sheriff's Department all testified that they, along with Mason's attorney, searched diligently for physical evidence from the case but had found no such evidence.  A former deputy circuit clerk from Oktibbeha County testified that sometime after 1989, and probably closer to 2000, there was significant flooding in the county courthouse.  Raw sewage had spilled from a bathroom in the tax assessor's office into an exhibit room located below, and about twenty-five percent of the items stored in the exhibit room were destroyed or unsalvageable.  The former deputy circuit clerk testified that, based on her contemporaneous handwritten notes, she believed that the physical evidence from Mason's case was destroyed as a result of the flooding.[1]  During the hearing, Mason and

---

[1] The record indicates that Mason was placed at the crime scene based on two latent palm prints, one found near the perpetrator's point of entry into the victim's home and the other found on an air conditioning unit outside the victim's bedroom window. A rape kit was collected from the victim at the time of the crime. The record indicates that testing of the rape kit revealed the presence of acid phosphatase, an enzyme found in seminal fluid, and intact spermatozoa; however, the stain collected was, in 1982, an amount insufficient for further testing. Contemporaneous testing of various other physical evidence showed only that the perpetrator had type A blood, like Mason.

his attorney acknowledged that there was no proof that any of the evidence was destroyed intentionally. Mason also agreed that his appointed counsel had done all that she could to search for the evidence.

¶4. After the hearing, the circuit judge entered an order closing the case. The judge found "that no physical evidence remains in this case to be tested because of its apparent physical destruction." The judge further found "that the destruction was not an intentional act of any party"; rather, the flooding of the courthouse exhibit room years after Mason's trial had made "any attempt at preservation impossible." As there was no evidence to be tested, the court found that Mason's petition for post-conviction relief was moot. Mason filed a notice of appeal. On appeal, he contends that the destruction of the rape kit and other evidence collected during the investigation of his case violates due process.

¶5. This Court addressed a similar claim in *Chapman v. State*, 47 So. 3d 203, 209 (¶¶21-23) (Miss. Ct. App. 2010), *cert. denied*, 63 So. 3d 1229 (Miss. 2011). In 2005, Chapman sought DNA testing of biological evidence related to his 1982 rape conviction. However, no such evidence was available because it had been destroyed pursuant to a court order in 1985. *Id.* at 205 (¶¶2-3). This Court first noted that our Legislature had enacted procedures and requirements regarding the preservation of DNA evidence, but the law was not enacted until 2009, years after the evidence in Chapman's case was destroyed pursuant to a court order. *Id.* at 209 (¶21) (citing Miss. Code Ann. § 99-49-1). The same is true in this case. Therefore, as in *Chapman*, the 2009 law "has no application here." *Id.*

¶6. In *Chapman*, we also discussed that, at least prior to a conviction, "[t]he State has 'a duty to preserve evidence which might be expected to play a significant role in the suspect's defense.'" *Id.* at (¶22) (internal quotation mark omitted). However, to establish a violation of this duty, the defendant must show, among other things, that the State "acted in bad faith in failing to preserve the potentially exculpatory evidence." *Id.*; *accord Ariz. v. Youngblood*, 488 U.S. 51, 58 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."). Chapman's claim failed because there was no evidence of bad faith on the part of the State. *Chapman*, 47 So. 3d at 209 (¶23). As the circuit judge in this case found, the same is true here.[2] Therefore, the circuit court correctly ruled that Mason is not entitled to post-conviction relief.

¶7. **AFFIRMED.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

---

[2] In considering the denial of a motion for post-conviction relief, we will not disturb the circuit court's "factual findings unless they are found to be clearly erroneous." *Manning v. State*, 158 So. 3d 302, 304 (¶4) (Miss. 2015).