GRIFFIS, P.J.,
for the Court:
¶ 1. Richard Chapman appeals the dismissal of his motion for post-conviction collateral relief (“PCCR”). The circuit court determined that Chapman’s motion was time-barred under Mississippi Code Annotated section 99-39-5(2) (Supp.2013). In this appeal, Chapman contends that the dismissal was in error. We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 1981, Chapman was indicted for committing the crimes of rape and armed robbery. He was convicted of rape on January 27, 1982, and he was sentenced to *185 life imprisonment. On September 22, 1982, Chapman pled guilty to robbery without a firearm and was sentenced to serve ten years in prison. Chapman did not appeal either conviction.
¶ 8. On December 27, 2006, Chapman filed a PCCR motion. In this motion, he argued: (1) his “actual innocence” in regard to his rape conviction; (2) the circuit court’s failure to abide by Uniform Rule of Circuit and County Court 8.04 when the court accepted his guilty plea; (3) the State’s failure to preserve exculpatory evidence and his trial transcript; and (4) ineffective assistance of counsel. Chapman later amended the motion to add that: (1) his indictments in both the rape and robbery cases were defective; (2) the jury that convicted him of rape was not drawn from a fair cross-section of the community; and (3) he is serving an “illegal sentence.” The circuit court ruled that the motion was time-barred, under Mississippi Code Annotated section 99-39-5(2), and no exception was applicable. The court summarily dismissed the motion without an evidentiary hearing.
¶ 4. Chapman appealed the dismissal of his motion and raised numerous issues. See Chapman v. State, 47 So.3d 203, 204-05 (¶ 1) (Miss.Ct.App.2010). However, this Court focused on the argument that the circuit court erred in the dismissal of his motion without consideration of the State’s alleged destruction of exculpatory evidence and the court’s failure to conduct an evi-dentiary hearing. Id. at 206 (¶ 7). This Court affirmed the dismissal of the motion and held that the motion was procedurally barred due to Chapman’s failure to comply with the statutory requirements for the contents of a PCCR motion; that the motion was time-barred due to the three-year statute of limitations; and that there was no evidence of the State’s bad faith destruction of exculpatory evidence. Chapman, 47 So.3d at 208-209 (¶¶ 17, 20, 23). His petition for certiorari was denied. Chapman v. State, 63 So.3d 1229 (Miss.2011).
¶ 5. On August 1, 2011, Chapman filed a motion styled as both a “Motion to Vacate and Set Aside Conviction” and a “Motion for Post-Conviction Relief.” In this motion, he included the same issues he argued in his first motion. The circuit court treated the motion as a PCCR motion, ruled that the motion was time-barred, and dismissed it.
STANDARD OF REVIEW
¶ 6. We will not reverse a trial court’s dismissal of a PCCR motion unless the trial court’s decision was clearly erroneous. Madden v. State, 75 So.3d 1130, 1131 (¶6) (Miss.Ct.App.2011) (citation omitted). When reviewing questions of law, this Court’s standard of review is de novo. Id. (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
ANALYSIS
¶ 7. Chapman argues that the circuit court erred when it dismissed his motion as time-barred. The Mississippi Uniform Post-Conviction Collateral Relief Act provides:
A motion for relief under this article shall be made within three (3) years after the time in which the [PCCR mov-ant’s] direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after the entry of the judgment of conviction.
Miss.Code Ann. § 99-39-5(2). Chapman’s motion was filed ten years after the time for his direct appeal, well beyond the three-year statute of limitations.
*186 ¶ 8. Section 99-39-5(2)(a)-(b) (Supp. 2012) allows an exception from this bar where:
[T]here has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [the PCCR mov-ant’s] conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence ... Likewise excepted are those cases in which the [movant] claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
Chapman must prove that his case falls within one of these exceptions. See Miss. Code Ann. § 99-39-5(2). The circuit court was correct to decide that Chapman’s appeal was time-barred.
¶ 9. Although the circuit court did not base its dismissal on this ground, Chapman’s motion was also procedurally barred as a successive writ. Mississippi Code Annotated section 99-39-23(6) (Supp. 2013) provides that “any order dismissing the [PCCR movant’s] motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” As with the time-bar, exceptions are allowed for any intervening decisions by the Supreme Court of the United States or the State of Mississippi that would have affected the outcome of the case and for the discovery of new evidence unavailable at trial that would have affected the outcome. Id.
¶ 10. Chapman’s first PCCR motion was filed on December 27, 2006, and it was dismissed by the circuit court, which was affirmed by this Court. Chapman’s current motion, filed on August 1, 2011, was also procedurally barred as both time-barred and successive-writ barred.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.