LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. In 1982, Richard Chapman was convicted by a jury of rape and was sentenced to life imprisonment. That same year Chapman also pleaded guilty to robbery and was sentenced to ten years. Chapman did not directly appeal the rape conviction. Over the years, Chapman has filed numerous motions in the Hinds County Circuit Court and in the Mississippi Supreme Court.[1] This Court has affirmed the trial court’s dismissal of two of Chapman’s motions' for post-conviction relief (PCR), in Chapman v. State, 47 So.3d 203, 209-10 (¶ 25) (Miss.Ct.App.2010) (Chapman I), and, most recently, in Chapman v. State, 135 So.3d 184, 186 (¶ 11) (Miss.Ct.App.2013) (Chapman II ).[2]
¶ 2. While Chapman II was pending in this Court, Chapman filed another PCR motion in the trial court on April 19, 2012. The trial court found Chapman’s motion to be time-barred and denied relief. Chapman now appeals, asserting the following issues: (1) the destruction of evidence violated his due-process rights, (2) the trial court erred in finding his motion was time-barred, (3) the indictment was defective, (4) the jury was not properly sworn, (5) the State failed to comply with discovery, (6) his trial counsel was ineffective, and (7) the State’s closing argument was improper.
STANDARD OF REVIEW
¶ 3. When reviewing a trial court’s denial or dismissal of a motion for PCR, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
DISCUSSION
¶ 4. It is clear that Chapman’s motion was time-barred. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), where “no appeal is taken,” a petitioner must move for relief “within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.” Miss.Code Ann. § 99-39-5(2) (Supp.2013). Chapman was convicted in 1982, which was before the UPCCRA was enacted on April 17, 1984. Odom v. State, 483 So.2d 343, 344 (Miss.1986). “Individuals convicted prior to April 17, 1984, ha[d] three (3) years from April 17, 1984, to file their [motion] for post[-]eonviction relief.” Id. Therefore, Chapman had until April 17, 1987, to file his PCR motion. Chapman did not file his motion until well after the statute of limitations had run. Thus, Chapman’s motion is time-barred, and we find no exception to *1207 this bar applies. See Miss.Code Ann. § 99-39-5(2)(a)-(b).
¶ 5. Furthermore, Chapman’s motion is also barred as a successive writ, and he has asserted no exceptions to this bar. See Miss.Code Ann. § 99-39-23(6) (Supp. 2013).
¶ 6. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Unless otherwise noted, Chapman’s motions generally relate to his rape conviction.

. The record also includes an order dated November 1, 1993, in which the trial court dismissed a motion for PCR with prejudice. The record does not include Chapman's motion for PCR.