# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CT-01574-SCT

*RICHARD CHAPMAN*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/10/2012 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| TRIAL COURT ATTORNEYS: | RICHARD CHAPMAN, PRO SE |
| | JEFFREY A. KLINGFUSS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RICHARD CHAPMAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 07/02/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Richard Chapman currently is serving a life sentence in the custody of the Mississippi Department of Corrections. He has never had a direct appeal through no apparent fault of his own, and his trial record allegedly has been destroyed. While Chapman has filed multiple motions for post-conviction relief (PCR), no appellate court has ever addressed the merits of his claims, despite potential violations of his constitutional rights. Under these peculiar circumstances, we find that, in the interests of justice, Chapman is entitled to an evidentiary hearing so that he and the State have an opportunity to reconstruct his trial record.

**FACTS AND PROCEDURAL HISTORY**

¶2.     Richard Chapman was sentenced to life in prison at the age of sixteen after being convicted of rape. No direct appeal was taken, but several years later, Chapman filed a number of motions for PCR. Each PCR motion was denied on procedural grounds. *See Chapman v. State*, 47 So. 3d 203, 204 (Miss. Ct. App. 2010); *Chapman v. State*, 135 So. 3d 184, 184 (Miss. Ct. App. 2013), *reh'g denied* (Apr. 1, 2014), *cert. dismissed*, 145 So. 3d 674 (Miss. 2014); *Chapman v. State*, No. 2012-CP-01574-COA, 2014 WL 2579685 (Miss. Ct. App. June 10, 2014), *reh'g denied* (Sept. 23, 2014), *cert. granted* (Jan. 8, 2015). Chapman's current motion for PCR also was denied on procedural grounds by the trial court, and the Court of Appeals affirmed. Chapman then filed a petition for certiorari, which this Court granted.

**STANDARD OF REVIEW**

¶3.     "When reviewing a trial court's denial or dismissal of a motion for PCR, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review . . . legal conclusions under a de novo standard of review." **Chapman v. State**, No. 2012-CP-01574-COA, 2014 WL 2579685, at *1 (Miss. Ct. App. June 10, 2014), *reh'g denied* (Sept. 23, 2014), *cert. granted* (Jan. 8, 2015) (citing **Hughes v. State**, 106 So. 3d 836, 838 (Miss. Ct. App. 2012)).

**DISCUSSION**

¶4.     Among the issues raised, Chapman alleges two potential violations of his constitutional rights. First, he claims his trial record and transcript have been improperly

destroyed. *See **Chapman***, 47 So. 3d at 205 (finding the physical evidence from Chapman's trial had been destroyed). Second, Chapman asserts that his counsel was ineffective for not filing his direct appeal, and thereby failing to secure a transcript of his trial.

¶5.     Chapman's first claim implicates his constitutional right to due process of law. If his trial record was destroyed, this violated the statutory duty to preserve the record.[1] Miss. Code Ann. § 9-7-128 (1985). The record currently before this Court is essentially Chapman's Order of Conviction and what Chapman claims is his indictment. He claims that, in addition to the physical evidence being destroyed, the trial record and transcript also were destroyed.

¶6.     Chapman next asserts that his counsel was ineffective for not filing his direct appeal. Chapman claims his attorney at trial agreed to file the appeal and that he paid the attorney for this service. But, according to Chapman, the attorney failed to do so, and Chapman learned of his attorney's alleged failure roughly two years later when he was informed by the court clerk that no direct appeal had ever been filed.

¶7.     Chapman further alleges that his attorney was ineffective at trial for failing to call an alibi witness, that there was a ***Batson***[2] violation, that his indictment was faulty for not properly citing the relevant statute, that the State improperly destroyed all physical evidence after his conviction, that his sentence is illegal, and that the verdict was against the

---

[1] The statute at that time required the records be kept for fifty years. The Legislature amended the statute in 1987 to require the retention of criminal files for twenty years. *See* Miss. Code Ann. § 9-7-128 (1987).

[2] ***Batson v. Kentucky***, 476 U.S. 79, 82, 106 S. Ct. 1712, 1715, 90 L. Ed. 2d 69 (1986), *holding modified by **Powers v. Ohio***, 499 U.S. 400, 111 S. Ct. 1364, 113 L. Ed. 2d 411 (1991) (providing the Equal Protection Clause prohibits prosecutors from challenging potential jurors solely based on their race).

sufficiency and weight of the evidence. *See Moore v. Ruth*, 556 So. 2d 1059, 1061 (Miss. 1990) (noting that a pro se prisoner's meritorious claims may not be ignored because of inartful drafting). In regard to the latter, Chapman claims the State failed to establish any link between him and the physical evidence of the crime, specifically semen and hair taken from the victim, and that, at trial, the victim identified his attorney as the perpetrator of the crime and not him.

¶8.    Because of the lack of a trial record and transcript, it is impossible to address the merits of Chapman's claims and his assertion of ineffective assistance of counsel. This lack of a record, which Chapman attributes to the trial court and to his attorney's alleged failure to file his appeal, effectively denied Chapman his right to an appeal and to a review of the merits of his claim on PCR. Given that there was a statutory duty to preserve Chapman's record, which is essential to virtually all post-trial proceedings, the absence of a record of Chapman's conviction may be a violation of Chapman's right to due process. *See* Miss. Code Ann. § 9-7-128 (1985) (requiring the preservation of all criminal files "where an indictment was returned and the defendant was convicted if the file is not at least fifty (50) years old."); *see also Watts v. State*, 717 So. 2d 314, 317 (Miss. 1998) (noting that a defendant essentially is denied his or her right to appeal when there is no trial transcript or its equivalent).

¶9.    When a criminal defendant feels aggrieved by a lower-court decision, that defendant has an "absolute right" to appeal. *Harden v. State*, 460 So. 2d 1194, 1200 (Miss. 1984); *see also Douglas v. California*, 373 U.S. 353, 358, 83 S. Ct. 814, 817, 9 L. Ed. 2d 811 (1963)

4

(noting all defendants are entitled to a meaningful appeal). However, no meaningful appeal or post-conviction proceeding can be had where no transcript or equivalent picture of the trial proceedings exists. *See Watts*, 717 So. 2d at 317; **United States v. Selva**, 559 F.2d 1303, 1306 (5th Cir. 1977); **United States v. Renton**, 700 F.2d 154, 158 (5th Cir. 1983); **Commonwealth v. Desimone**, 447 Pa. 380, 384-385, 290 A.2d 93, 96 (1972). It is also clear that a showing of prejudice, which is not required, under these circumstances is axiomatic – the merits of Chapman's claims at this point cannot be evaluated because the Court does not have a transcript of any of the trial proceedings or a complete trial record before it. *See Selva*, 559 F.2d at 1305-06 ("When . . . a criminal defendant is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is sufficient to mandate reversal."); **Renton**, 700 F.2d at 157; *see also Watts*, 717 So. 2d at 318. The Fifth Circuit Court of Appeals has provided, as quoted by *Watts*, "when a defendant is represented on appeal by counsel not involved at trial, counsel cannot reasonably be expected to show specific prejudice." **Renton**, 700 F.2d at 157; **Selva**, 559 F.2d at 1305-06; *see also Watts*, 717 So. 2d at 318 (adopting the rationale of **Renton** and **Selva**).

¶10.    Moreover, criminal defendants have a constitutional right to effective assistance of counsel. **Strickland v. Washington***, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); **Cabello v. State***, 524 So. 2d 313, 315 (Miss. 1988). This Court has stated that trial counsel has a duty to ensure that there is at least a partial transcript of trial proceedings to ensure a defendant can adequately appeal his conviction. **Brawner v. State**,

5

947 So. 2d 254, 262 (Miss. 2006) (citing *Hardy v. United States*, 375 U.S. 277, 280, 84 S. Ct. 424, 427, 11 L. Ed. 2d 331 (1964)). Failure to do so is ineffective assistance of counsel and a violation of a defendant's constitutional rights. *Strickland,* 466 U.S. at 687; *Hardy*, 375 U.S. at 280; *Cabello,* 524 So. 2d at 315; *Brawner*, 947 So. 2d at 262.

¶11.    Here, there is no trial record or transcript, nor does the record show that Chapman has had an opportunity to try to construct an equivalent picture, as he repeatedly has been denied an evidentiary hearing on procedural grounds. *See* M.R.A.P. 10(c) (providing guidance for constructing an alternative to the actual record); *Selva*, 559 F.2d at 1306; *Watts*, 717 So. 2d at 318.

¶12.    Under these extraordinary circumstances – lack of a direct appeal, lack of a court record, his attorney's alleged failure to obtain a transcript, lack of appellate review of the merits of his claims – we find Chapman is entitled to an evidentiary hearing so that the trial court can determine what, if anything, of the trial record exists, and to provide Chapman and the State an opportunity to locate or reconstruct the  trial record and transcript, or to produce an equivalent picture. *See Watts*, 717 So. 2d at 317; *Selva*, 559 F.2d at 1304 (allowing parties to supplement missing portions of record, or if an adequate picture cannot be reproduced, to grant a new trial if in the interest of justice); *Renton*, 700 F.2d at 158; *Desimone*, 447 Pa. at 384-385. If Chapman or the State can produce the record and transcript or a sufficient equivalent, the circuit court should then consider the merits of Chapman's claims raised in the current motion for PCR based on that record.  *Selva*, 559 F.2d at 1304. If, however, Chapman or the State fails to produce the record and transcript or an adequate equivalent,

6

Chapman may be entitled to a new trial. *See Watts*, 717 So. 2d at 317 (recognizing that a transcript or equivalent is required for a meaningful appeal); *Selva*, 559 F.2d at 1304; *Renton*, 700 F.2d at 158; *Desimone*, 447 Pa. at 384-385; *see also Brawner*, 947 So. 2d at 262 (noting that a partial picture of the trial proceeding may be sufficient for post-trial proceedings); *Mayer v. City of Chicago*, 404 U.S. 189, 194, 92 S. Ct. 410, 414, 30 L. Ed. 2d 372 (1971) (recognizing the State and defendant share burden to produce the record or equivalent, providing that State and defendant should be afforded an opportunity to reconstruct missing trial records) (citing *Draper v. State of Wash*., 372 U.S. 487, 495, 83 S. Ct. 774, 779, 9 L. Ed. 2d 899 (1963)); *see also Douglas*, 373 U.S. at 358 (guaranteeing a defendant's right to a meaningful appeal); Miss. Code Ann. § 9-7-128 (1985) (requiring the State to preserve criminal trial records for fifty years). A sufficient equivalent of the record, at a minimum, would include enough material information specific to the claims raised for the trial court judge to fairly consider the merits of each issue. *See* M.R.A.P. (10)(c).

¶13.    Additionally, in *Rowland v. State*, this Court held  "errors affecting fundamental constitutional rights are excepted from the procedural bars of the  [Uniform Post-Conviction Collateral Relief Act (UPCCRA)]," and courts have no discretion in this regard. *Rowland v. State*, 42 So. 3d 503, 507 (Miss. 2010). Accordingly, we find the trial court erred in ruling Chapman's current PCR motion procedurally barred, and the Court of Appeals erred in affirming the trial court's judgment. Chapman raises credible allegations affecting fundamental constitutional rights, which are excepted from the PCR statutory bars, including the statute of limitations found in UPCCRA. *Rowland*, 42 So. 3d at 506-07 ("We take this

7

opportunity to hold, unequivocally, that errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA[,]" including the statute's time bars); *see also **Bevill v. State***, 669 So. 2d 14, 17 (Miss. 1996) (recognizing due-process violations are excepted from the PCR procedural bars and that it is possible for a lawyer's performance to be so deficient and so prejudicial that the defendant's fundamental constitutional rights are violated); *see **Douglas***, 373 U.S. at 358 (finding all defendants are entitled to a meaningful appeal); Miss. Code Ann. § 9-7-128 (1985) (requiring the preservation of all criminal files for fifty years where the defendant was indicted and convicted).

¶14.    The trial court also should strongly consider appointing counsel to represent Chapman for this evidentiary hearing if he qualifies as indigent. Miss. Code Ann. § 99-39-23 (Rev. 2007) (permitting the judge to appoint counsel to assist indigent defendants, as described in Mississippi Code Section 99-15-15, when an evidentiary hearing is required in PCR proceedings); *see also **Rowland***, 42 So. 3d at 508 (directing the trial court to consider appointing counsel to represent Rowland at PCR evidentiary hearing).

## CONCLUSION

¶15.    For the reasons stated above, we reverse the dismissal of Chapman's current PCR motion as well as the Court of Appeals' affirmance of the dismissal and remand for an evidentiary hearing consistent with this opinion. At the evidentiary hearing, the trial court should determine if the trial record and transcript exist, and if not, whether an adequate equivalent can be reconstructed. If the trial court determines that the record and transcript do not exist or an adequate equivalent cannot be reconstructed, Chapman should be given leave

8

to file a motion for a new trial. The trial court also should consider appointing counsel to represent Chapman if he qualifies as indigent. Miss. Code Ann. § 99-39-23 (Rev. 2007); *Rowland*, 42 So. 3d at 508.

¶16.   **REVERSED AND REMANDED**.

**DICKINSON, P.J., KITCHENS, CHANDLER AND KING, JJ., CONCUR. RANDOLPH, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LAMAR AND PIERCE, JJ.; COLEMAN, J., JOINS IN PART.  COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., LAMAR AND PIERCE, JJ.**

**RANDOLPH, PRESIDING JUSTICE, DISSENTING:**

¶17.   I join Justice Coleman's dissent in which he finds that Chapman's third attempt at post-conviction relief is time-barred under the three-year statute of limitations found in Section 99-39-5(2) of the Mississippi Code. I write separately to encourage my fellow justices not to be "manipulated by Chapman's untimely machinations of the post-conviction-relief process." *Bell v. State*, 66 So. 3d 90, 95 (Miss. 2011) (Randolph, P.J., dissenting).

¶18.   On January 27, 1982, a jury found Chapman guilty of rape, and the circuit court sentenced him to life imprisonment. A few months later, Chapman pleaded guilty to robbery without a firearm, and the court sentenced him to serve ten years' imprisonment. Chapman never filed a direct appeal. *See Chapman v. State*, 47 So. 3d 203, 205 (Miss. Ct. App. 2010) (***Chapman I***). It was not until December 27, 2006, *almost twenty-five years later*, that Chapman filed his first post-conviction relief (PCR) motion.[3] *Id.* The Court of Appeals

---

[3] Chapman raised the following issues in his first PCR motion:

(1) His conviction and/or sentence were imposed in violation of the United States Constitution; (2) His due-process rights were violated; (3) The circuit

9

affirmed the trial court's denial of Chapman's PCR motion as barred by the applicable statute of limitations. *Id.* at 209-210. On August 1, 2011, Chapman filed his second PCR motion, arguing the same issues he argued in his first motion. *Chapman v. State*, 135 So. 3d 184, 185 (Miss. Ct. App. 2013), *reh'g denied* (Apr. 1, 2014), *cert. dismissed*, 145 So. 3d 674 (Miss. 2014) (*Chapman II*). The trial court dismissed the motion, finding that it was time-barred. *Chapman II*, 135 So. 3d at 185. The Court of Appeals affirmed the trial court judgment, holding that "Chapman's first [PCR] motion was filed on December 27, 2006, and it was dismissed by the circuit court, which was affirmed by this Court. Chapman's current motion, filed on August 1, 2011, was also procedurally barred as both time-barred and successive-writ barred." *Id.* at 186. Rather than seek permission to amend his PCR motion, which was pending before the Court of Appeals (*Chapman II* ), Chapman instead filed a third PCR motion in the trial court on April 19, 2012. *Chapman v. State*, No. 2012-CP-01574-COA, 2014 WL 2579685, at *1 (Miss. Ct. App. June 10, 2014), *reh'g denied* (Sept. 23, 2014), *cert. granted*, 154 So. 3d 33 (Miss. 2015) (*Chapman III*).[4] The trial

court erred in refusing to conduct an evidentiary hearing; (4) His guilty plea to the crime of robbery was not voluntary and intelligent; (5) He received ineffective assistance of counsel; (6) His "custody is illegal;" (7) His indictments for robbery and rape were defective; (8) The jury was not drawn from a fair cross-section of the community; (9) The prosecution failed to disclose material exculpatory evidence; (10) He is innocent of the crime of rape; (11) The State failed to preserve his trial transcript and other evidence that would exonerate him.

*Chapman I*, 47 So. 3d at 205.

[4] Chapman raised the following issues: "(1) the destruction of evidence violated his due-process rights, (2) the trial court erred in finding his motion was time-barred, (3) the indictment was defective, (4) the jury was not properly sworn, (5) the State failed to comply

court once again found Chapman's motion to be time-barred and denied him relief. ***Chapman III***, 2014 WL 2579685, at *1. The Court of Appeals, also once again, found Chapman's motion to be time-barred and barred as a successive writ, as Chapman had failed to assert any exceptions to the bar. ***Id.***

¶19.     This Court granted Chapman's petition for writ of certiorari and now opines that Chapman is entitled to an evidentiary hearing, granting a right to Chapman that otherwise is not provided by our laws. Pursuant to our statutes, a petitioner is granted the right to proceed with a post-conviction-relief motion "within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired." Miss. Code Ann. § 99-39-5 (Rev. 2007). Once the time period, set by statute, has expired, the petitioner's right to proceed is extinguished. This Court has provided limited exceptions to the procedural bars for errors affecting certain constitutional rights. ***Rowland v. State***, 98 So. 3d 1032, 1036 (Miss. 2012) (***Rowland II***).[5] Those constitutional rights are claims of double jeopardy, illegal sentence, and denial of due process in sentencing. ***Id.***  "The deprivation of liberty–that unalienable, natural right inherent in all persons since time immemorial–without authority of law distinguishes these three excepted errors from all other post-conviction claims." ***Id.***

¶20.     Chapman does not raise any claims of double jeopardy, illegal sentence, or denial of

---

with discovery, (6) his trial counsel was ineffective, and (7) the State's closing argument was improper." ***Chapman III***, 2014 WL 2579685, at *1.

      [5] ***Rowland I*** held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." ***Rowland v. State***, 42 So. 3d 503, 507 (Miss. 2010). ***Rowland II*** identified three specific fundamental constitutional rights exceptions. ***Rowland II***,  98 So. 3d at 1036.

due process in sentencing. Therefore, Chapman's PCR motion is time-barred, as his right to pursue post-conviction relief no longer exists, absent exception, and is barred as a successive writ because his motion has been ruled upon and denied by at least seven other courts.

¶21. Federal law also recognizes the "finality of determination" as established in statutes of limitation. *See* 28 U.S.C. § 2244(d)(1) (1996) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The United States Supreme Court has made clear that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005)). In *Holland*, the Supreme Court found the record supported the following facts:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins–the central impediment to the pursuit of his legal remedy–removed from his case. And, the very day that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.

*Holland*, 560 U.S. at 653. The Supreme Court remanded the case to the Eleventh Circuit Court of Appeals to "determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail." *Id.* at 654.

12

¶22.  In all three of Chapman's motions, Chapman has not once argued that he has been pursing his rights diligently and that he has been prevented from timely filing his motion due to extraordinary circumstances. As such, the trial court and Court of Appeals most assuredly have been correct in denying Chapman's motions due to the motions being time-barred and the second and third motions being barred as successive writs.

**LAMAR AND PIERCE, JJ., JOIN THIS OPINION.  COLEMAN, J., JOINS THIS OPINION IN PART.**

**COLEMAN, JUSTICE, DISSENTING:**

¶23.  I would affirm the Court of Appeals' decision, holding that Chapman's third attempt at post-conviction relief is time-barred under the three-year statute of limitations found at Mississippi Code Section 99-39-5(2). Therefore, I dissent.

¶24.  Richard Chapman was convicted of rape and sentenced to life in prison in 1982. He also pleaded guilty to robbery and was sentenced to an additional ten years.  He did not appeal either conviction.  In 2005 – twenty-three years later – the Innocence Project, on Chapman's behalf, filed a motion in the circuit court seeking an order for biological evidence related to the rape case.  It was discovered that the physical evidence from Chapman's case had been destroyed.  Chapman began filing motions for post-conviction relief, all of which have been denied as time barred and successive. *Chapman v. State*, 47 So. 3d 203 (Miss. Ct. App. 2010); *Chapman v. State*, 135 So. 3d 184 (Miss. Ct. App. 2013), *reh'g denied* (Apr. 1, 2014), *cert. dismissed*, 145 So. 3d 674 (Miss. 2014); *Chapman v. State*, No. 2012-CP-01574-COA, 2014 WL 2579685 (Miss. Ct. App. June 10, 2014), *cert. granted* (Jan. 8, 2015).

¶25.  The trial court denied Chapman's third petition for post-conviction relief – filed in

13

April 2012, thirty years after his conviction – as time barred.  The Court of Appeals

unanimously affirmed, writing:

> It is clear that Chapman's motion was time-barred. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), where "no appeal is taken," a petitioner must move for relief "within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Supp. 2013). Chapman was convicted in 1982, which was before the UPCCRA was enacted on April 17, 1984. *Odom v. State*, 483 So. 2d 343, 344 (Miss. 1986). "Individuals convicted prior to April 17, 1984, ha[d] three (3) years from April 17, 1984, to file their [motion] for post[-]conviction relief." *Id.* Therefore, Chapman had until April 17, 1987, to file his PCR motion. Chapman did not file his motion until well after the statute of limitations had run. Thus, Chapman's motion is time-barred, and we find no exception to this bar applies. *See* Miss. Code Ann. § 99-39-5(2)(a)-(b).

*Chapman v. State*, No. 2012-CP-01574-COA, 2014 WL 2579685, *1 (¶ 4) (Miss. Ct. App.

June 10, 2014), *cert. granted* (Jan. 8, 2015).  This Court granted Chapman's petition for writ

of certiorari to address whether Chapman was entitled to a new trial because, allegedly, his

trial record and trial transcript had been destroyed. I agree with the majority that one

appealing a conviction should have a record and transcript of the trial.  However, the lack of

a trial transcript or portions of the record, in itself, is not grounds for appeal and has nothing

to do with the rulings of the courts below us, in which I can find no error.

¶26.    Although Chapman claims that the trial court improperly ordered the destruction of

his trial record and trial transcript, he has failed to submit any proof to support that

contention.  There is evidence that the circuit court allowed the physical evidence to be

destroyed several years after the trial, which is a common practice. The transcript of

Chapman's trial likely never existed because there was no appeal, and the trial proceedings

14

would not have been transcribed unless Chapman had appealed. *See* Miss. R. App. P. 11(c). The majority takes at face value Chapman's claim that his trial record was destroyed, when that simply has not been shown. Other than the routine destruction of the physical evidence, there is no proof that anything else was destroyed.

¶27. In something of a *non sequitur*, the majority would reverse the trial court and the Court of Appeals for correctly applying the statute of limitations because of the alleged loss of the trial record, which – even if that had occurred – has absolutely nothing to do with the statute of limitations. The instant case will be remanded and, perhaps even to some degree or another, the record reconstructed, but after all of the effort and expense of doing so, Chapman still will be proceeding on a terminally late petition without having met any of the exceptions to the application of the statute of limitations.

¶28. The majority relies on **Watts v. State**, 717 So. 2d 314 (Miss. 1998). Leave aside for the moment that **Watts** involved a direct appeal rather than a post-conviction collateral attack; forget that there appears to have been no issue of timeliness in **Watts**; and finally, never mind that the **Watts** Court held that the lack of a record in the case did not prohibit it from considering the appeal. The majority cites **Watts** for the principle that a meaningful appeal cannot be had without a trial transcript or an equivalent picture of the trial proceedings. (Maj. Op. ¶ 9). I agree with that principle, and neither the trial court nor the Court of Appeals found or held otherwise. However, the citation to **Watts** in support of that principle does not fully encapsulate the **Watts** Court's holding. The **Watts** Court wrote:

> Watts, however, contends that the mere fact that portions of the trial are
> missing makes a truly accurate and meaningful review impossible and that the

15

fact that gaps exist at all entitles him to a new trial despite the lack of an ability to show specific prejudice from the missing portions. In support of his argument, Watts cites to *United States v. Carrillo* in which the Ninth Circuit Court of Appeals held that "[a] criminal defendant has a right to a record on appeal which includes a complete transcript of the proceedings at trial." *United States v. Carrillo*, 902 F.2d 1405, 1409 (9th Cir. 1990) (citing *Hardy v. United States*, 375 U.S. 277, 279-82, 84 S. Ct. 424, 11 L. Ed. 2d 331 (1964)). However, the Ninth Circuit, in *Carrillo*, further stated that "while court reporters are required by the Court Reporters Act, 28 U.S.C. § 753(b)(1) (1982), to record verbatim all proceedings in open court, their failure to do so does not require a per se rule of reversal. . . . Rather, some prejudice to the defendant must occur before reversal will be contemplated." *Carrillo*, 902 F.2d at 1409 (citing *United States v. Doyle*, 786 F.2d 1440, 1442 (9th Cir. 1986)). The Ninth Circuit declined to find reversible error as a result of the incomplete record and affirmed Carrillo's conviction absent a showing that he was prejudiced by the missing portion of the record. *Id.* at 1412. Watts additionally cites to *Commonwealth v. Goldsmith* in which the Pennsylvania Supreme Court reversed and remanded for a new trial the conviction of Goldsmith because "meaningful appellate review is impossible absent a full transcript or an equivalent picture of the trial proceedings." *Commonwealth v. Goldsmith*, 452 Pa. 22, 304 A.2d 478, 480 (1973). However, in the case sub judice, we find that Watts has been afforded an "equivalent picture" of the trial proceedings, for the trial court filed a bill of exceptions summarizing the only missing testimony at trial, *i.e.*, the missing portions of the cross-examination and re-direct examination of Watts, and Watts made no objections to the bill of exceptions as being inaccurate.

*Watts*, 717 So. 2d at 317 (¶ 7). Contrary to Watts's argument, the Court went on to hold that Watts was "required to show specific prejudice by the missing portions of the record in order to mandate reversal and remand for a new trial." *Id.* at 318 (¶ 10). Because Watts did not allege any error from the missing portions, and *he did not claim specific prejudice caused by the missing portions of the record*, the Court held that the argument was without merit. *Id.*

¶29. Even if *Watts* addressed the lack of a record in light of an untimely appeal or petition for post-conviction relief, and was therefore pertinent to the subject matter of the instant case, the majority ignores one of the *Watts* Court's true holdings, and its admonition, that an

16

appellant working without a record of his trial must demonstrate prejudice resulting from the lack of a record. Chapman has shown no prejudice from the alleged loss or non-existence of any portion of his thirty-plus-year-old trial record. He wholly fails to show any connection between the alleged loss of the record – of which there is no proof – and his abject failure to abide by the statute of limitations. Certainly, the lack of a trial record would impair a defendant's appeal. However, the defendant must first present a valid issue on appeal.

¶30. Today, in a case void of any indication that the alleged destruction of the trial record even occurred, much less that it caused or contributed to Chapman having filed the underlying petition twenty-five years and two days too late, the majority writes into the statute of limitations an exception for cases where, over the course of decades, a trial record no longer exists – regardless of whether the petitioner even attempts to demonstrate that the alleged loss of the record somehow prejudiced him by causing the delay. The majority holds that the bare allegation that Chapman does not have a record is alone grounds for a new trial. It simply is not. Accordingly, I respectfully dissent.

**RANDOLPH, P.J., LAMAR AND PIERCE, JJ., JOIN THIS OPINION.**