RANDOLPH, Presiding Justice,
dissenting:
¶ 17. I join Justice Coleman’s dissent in which he finds that Chapman’s third attempt at post-conviction relief is time-barred under the three-year statute of limitations found in Section 99-39-5(2) of the Mississippi Code. I write separately to encourage my fellow justices not to be “manipulated by Chapman’s untimely machinations of the post-conviction-relief process.” Bell v. State, 66 So.3d 90, 95 (Miss.2011) (Randolph, P.J., dissenting).
¶ 18. On January 27, 1982, a jury found Chapman guilty of rape, and the circuit court sentenced him to life imprisonment. A few months later, Chapman pleaded guilty to robbery without a firearm, and the court sentenced him to serve ten years’ imprisonment. Chapman never filed a direct appeal. See Chapman v. State, 47 So.3d 203, 205 (Miss.Ct.App.2010) (Chapman I). It was not until December 27, 2006, almost twenty-five years later, that Chapman filed his first post-conviction relief (PCR) motion.[3] Id. The Court of Ap *1176 peals affirmed the trial court’s denial of Chapman’s PCR motion as barred by the applicable statute of limitations. Id. at 209-210. On August 1, 2011, Chapman filed his second PCR motion, arguing the same issues he argued in his first motion. Chapman v. State, 135 So.3d 184, 185 (Miss.Ct.App.2013), reh’g denied (Apr. 1, 2014), cert. dismissed, 145 So.3d 674 (Miss.2014) (Chapman II). The trial court dismissed the motion, finding that it was time-barred. Chapman II, 135 So.3d at 185. The Court of Appeals affirmed the trial court judgment, holding that “Chapman’s first [PCR] motion was filed on December 27, 2006, and it was dismissed by the circuit court, which was affirmed by this Court. Chapman’s current motion, filed on August 1, 2011, was also procedurally barred as both time-barred and successive-writ barred.” Id. at 186. Rather than seek permission to amend his PCR motion, which was pending before the Court of Appeals (Chapman II), Chapman instead filed a third PCR motion in the trial court on April 19, 2012. Chapman v. State, No.2012-CP-01574-COA, 167 So.3d 1205, 1206-07, 2014 WL 2579685, at *1 (Miss.Ct.App. June 10, 2014), reh’g denied (Sept. 23, 2014), cert. granted, 154 So.3d 33 (Miss.2015) (Chapman III).[4] The trial court once again found Chapman’s motion to be time-barred and denied him relief. Chapman III, 167 So.3d at 1206-07, 2014 WL 2579685, at *1. The Court of Appeals, also once again, found Chapman’s motion to be time-barred and barred as a successive writ, as Chapman had failed to assert any exceptions to the bar. Id.
¶ 19. This Court granted Chapman’s petition for writ of certiorari and now opines that Chapman is entitled to an evi-dentiary hearing, granting a right to Chapman that otherwise is not provided by our laws. Pursuant to our statutes, a petitioner is granted the right to proceed with a post-conviction-relief motion “within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired.” Miss.Code Ann. § 99-39-5 (Rev.2007). Once the time period, set by statute, has expired, the petitioner’s right to proceed is extinguished. This Court has provided limited exceptions to the procedural bars for errors affecting certain constitutional rights. Rowland v. State, 98 So.3d 1032, 1036 (Miss.2012) {Rowland II ).[5] Those constitutional rights are claims of double jeopardy, illegal sentence, and denial of due process in sentencing. Id. “The deprivation of liberty — that unalienable, natural right inherent in all persons since time immemorial— *1177 without authority of law distinguishes these three excepted errors from all other post-conviction claims.” Id.
¶ 20. Chapman does not raise any claims of double jeopardy, illegal sentence, or denial of due process in sentencing. Therefore, Chapman’s PCR motion is time-barred, as his right to pursue post-conviction relief no longer exists, absent exception, and is barred as a successive writ because his motion has been ruled upon and denied by at least seven other courts.
¶21. Federal law also recognizes the “finality of determination” as established in statutes of limitation. See 28 U.S.C. § 2244(d)(1) (1996) (“A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.”). The United States Supreme Court has made clear that “a ‘petitioner’ is ‘entitled to equitable tolling’ only if he shows ‘(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his wa/ and prevented timely filing.” Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)). In Holland, the Supreme Court found the record supported the following facts:
Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins— the central impediment to the pursuit of his legal remedy — removed from his case. And, the very day that Holland discovered that his AEDPA clock had expired due to Collins’ failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.
Holland, 560 U.S. at 653, 130 S.Ct. 2549. The Supreme Court remanded the case to the Eleventh Circuit Court of Appeals to “determine whether the facts in .this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail.” Id. at 654, 130 S.Ct. 2549.
¶ 22. In all three of Chapman’s motions, Chapman has not once argued that he has been pursing his rights diligently and that he has been prevented from timely filing his motion due to extraordinary circumstances. As such, the trial court and Court of Appeals most assuredly have been correct in denying Chapman’s motions due to the motions being time-barred and the second and third motions being barred as successive writs.
LAMAR AND PIERCE, JJ., JOIN THIS OPINION. COLEMAN, J., JOINS THIS OPINION IN PART.

. Chapman raised the following issues in his first PCR motion:
(1) His conviction and/or sentence were imposed in violation of the United States *1176 Constitution; (2) His due-process rights were violated; (3) The circuit court erred in refusing to conduct an evidentiary hearing; (4) His guilty plea to the crime of robbery was not voluntary and intelligent; (5) He received ineffective assistance of counsel; (6) His "custody is illegal;” (7) His indictments for robbery and rape were defective; (8) The jury was not drawn from a fair cross-section of the community; (9) The prosecution failed to disclose material exculpatory evidence; (10) He is innocent of the crime of rape; (11) The State failed to preserve his trial transcript and other evidence that would exonerate him.
Chapman I, 47 So.3d at 205.

. Chapman raised the following issues: "(1) the destruction of evidence violated his due-process rights, (2) the trial court erred in finding his motion was time-barred, (3) the indictment was defective, (4) the jury was not properly sworn, (5) the State failed to comply with discovery, (6) his trial counsel was ineffective, and (7) the State's closing argument was improper.” Chapman III, 167 So.3d at 1206, 2014 WL 2579685, at *1.

. Rowland I held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.” Rowland v. State, 42 So.3d 503, 507 (Miss.2010). Rowland II identified three specific fundamental constitutional rights exceptions. Rowland II, 98 So.3d at 1036.