COLEMAN, Justice,
dissenting:
¶ 23. I would affirm the Court of Appeals’ decision, holding that Chapman’s third attempt at post-conviction relief is time-barred under the three-year statute of limitations found at Mississippi Code Section 99-39-5(2). Therefore, I dissent.
¶ 24. Richard Chapman was convicted of rape and sentenced to life in prison in 1982. He also pleaded guilty to robbery and was sentenced to an additional ten years. He did not appeal either conviction. In 2005 — twenty-three years later— the Innocence Project, on Chapman’s behalf, filed a motion in the circuit court seeking an order for biological evidence related to the rape case. It was discovered that the physical evidence from Chapman’s case had been destroyed. Chapman *1178 began filing motions for post-conviction relief, all of which have been denied as time barred and successive. Chapman v. State, 47 So.3d 203 (Miss.Ct.App.2010); Chapman v. State, 135 So.3d 184 (Miss.Ct.App.2013), reh’g denied (Apr. 1, 2014), cert. dismissed, 145 So.3d 674 (Miss.2014); Chapman v. State, No.2012-CP-01574COA, 167 So.3d 1205, 2014 WL 2579685 (Miss.Ct.App. June 10, 2014), cert. granted (Jan. 8, 2015).
¶ 25. The trial court denied Chapman’s third petition for post-conviction relief— filed in April 2012, thirty years after his conviction — as time barred. The Court of Appeals unanimously affirmed, writing:
It is clear that Chapman’s motion was time-barred. Under the Uniform Post-Conviction Collateral Relief Act (UP-CCRA), where “no appeal is taken,” a petitioner must move for relief “within three (3) years after the time for'taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.” Miss.Code Ann. § 99-39-5(2) (Supp.2013). Chapman was convicted in 1982, which was before the UPCCRA was enacted on April 17, 1984. Odom v. State, 483 So.2d 343, 344 (Miss.1986). “Individuals convicted prior to April 17, 1984, ha[d] three (3) years from April 17, 1984, to file their [motion] for post[-]conviction relief.” Id. Therefore, Chapman had until April 17, 1987, to file his PCR motion. Chapman did not file his motion until well after the statute of limitations had run. Thus, Chapman’s motion is time-barred, and we find no exception to this bar applies. See Miss. Code Ann. § 99-39-5(2)(a)-(b).
Chapman v. State, No. 2012-CP-01574-COA, 167 So.3d 1205, 1206-07 (¶ 4), 2014 WL 2579685, *1 (¶ 4) (Miss. Ct.App. June 10, 2014), cert. granted (Jan. 8, 2015). This Court granted Chapman’s petition for writ of certiorari to address whether Chapman was entitled to a new trial because, allegedly, his trial record and trial transcript had been destroyed. I agree with the majority that one appealing a conviction should have a record and transcript of the trial. However, the lack of a trial transcript or portions of the record, in itself, is not grounds for appeal and has nothing to do with the rulings of the courts below us, in which I can find no error.
¶ 26. Although Chapman claims that the trial court improperly ordered the destruction of his trial record and trial transcript, he has failed to submit any proof to support that contention. There is evidence that the circuit court allowed the physical evidence to be destroyed several years after the trial, which is a common practice. The transcript of Chapman’s trial likely never existed because there was no appeal, and the trial proceedings would not have been transcribed unless Chapman had appealed. See Miss. R.App. P. 11(c). The majority takes at face value Chapman’s claim that his trial record was destroyed, when that simply has not been shown. Other than the routine destruction of the physical evidence, there is no proof that anything else was destroyed.
¶ 27. In something of a non sequitur, the majority would reverse the trial court and the Court of Appeals for correctly applying the statute of limitations because of the alleged loss of the trial record, which — even if that had occurred — has absolutely nothing to do with the statute of limitations. The instant case will be remanded and, perhaps even to some degree or another, the record reconstructed, but after all of the effort and expense of doing so, Chapman still will be proceeding on a terminally late petition without having met any of the exceptions to the application of the statute of limitations.
*1179 ¶28. The majority relies on Watts v. State, 717 So.2d 314 (Miss.1998). Leave aside for the moment that Watts involved a direct appeal rather than a post-conviction collateral attack; forget that there appears to have been no issue of timeliness in Watts; and finally, never mind that the Watts Court held that the lack of a record in the case did not prohibit it from considering the appeal. The majority cites Watts for the principle that a meaningful appeal cannot be had without a trial transcript or an equivalent picture of the trial proceedings. (Maj. Op. ¶ 9). I agree with that principle, and neither the trial court nor the Court of Appeals found or held otherwise. However, the citation to Watts in support of that principle does not fully encapsulate the Watts Court’s holding. The Watts Court wrote:
Watts, however, contends that the mere fact that portions of the trial are missing makes a truly accurate and meaningful review impossible and that the fact that gaps exist at all entitles him to a new trial despite the lack of an ability to show specific prejudice from the missing portions. In support of his argument, Watts cites to United States v. Carrillo in which the Ninth Circuit Court of Appeals held that “[a] criminal defendant has a right to a record on appeal which includes a complete transcript of the proceedings at trial.” United States v. Carrillo, 902 F.2d 1405, 1409 (9th Cir.1990) (citing Hardy v. United States, 375 U.S. 277, 279-82, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964)). However, the Ninth Circuit, in Carrillo, further stated that “while court reporters are required by the Court Reporters Act, 28 U.S.C. § 753(b)(1) (1982), to record verbatim all proceedings in open court, their failure to do so does not require a per se rule of reversal.... Rather, some prejudice to the defendant must occur before reversal will be contemplated.” Carrillo, 902 F.2d at 1409 (citing United States v. Doyle, 786 F.2d 1440, 1442 (9th Cir.1986)). The Ninth Circuit declined to find reversible error as a result of the incomplete record and affirmed Carrillo’s conviction absent a showing that he was prejudiced by the missing portion of the record. Id. at 1412. Watts additionally cites to Commonwealth v. Goldsmith in which the Pennsylvania Supreme Court reversed and remanded for a new trial the conviction of Goldsmith because “meaningful appellate review is impossible absent a full transcript or an equivalent picture of the trial proceedings.” Commonwealth v. Goldsmith, 452 Pa. 22, 304 A.2d 478, 480 (1973). However, in the case sub judice, we find that Watts has been afforded an “equiv.alent picture” of the trial proceedings, for the trial court filed a bill of exceptions summarizing the only missing testimony at trial, ie., the missing portions of the cross-examination and re-direct examination of Watts, and Watts made no objections to the bill of exceptions as being inaccurate.
Watts, 717 So.2d at 317 (¶ 7). Contrary to Watts’s argument, the Court went on to hold that Watts was “required to show specific prejudice by the missing portions of the record in order to mandate reversal and remand for a new trial.” Id. at 318 (¶ 10). Because Watts did not allege any error from the missing portions, and he did not claim specific prejudice caused by the missing portions of the record, the Court held that the argument was without merit. Id.
¶ 29. Even if Watts addressed the lack of a record in light of an untimely appeal or petition for post-conviction relief, and was therefore pertinent to the subject matter of the instant case, the majority ignores one of the Watts Court’s true holdings, and its admonition, that an appellant *1180 working without a record of his trial must demonstrate prejudice resulting from the lack of a record. Chapman has shown no prejudice from the alleged loss or nonexistence of any portion of his thirty-plus-year-old trial record. He wholly fails to show any connection between the alleged loss of the record — of which there is no proof — and his abject failure to abide by the statute of limitations. Certainly, the lack of a trial record would impair a defendant’s appeal. However, the defendant must first present a valid issue on appeal.
¶ 30. Today, in a case void of any indication that the alleged destruction of the trial record even occurred, much less that it caused or contributed to Chapman having filed the underlying petition twenty-five years and two days too late, the majority writes into the statute of limitations an exception for cases where, over the course of decades, a trial record no longer exists — regardless of whether the petitioner even attempts to demonstrate that the alleged loss of the record somehow prejudiced him by causing the delay. .The majority holds that the bare allegation that Chapman does not have a record is alone grounds for a new trial. It simply is not. Accordingly, I respectfully dissent.
RANDOLPH, P.J., LAMAR AND PIERCE, JJ., JOIN THIS OPINION.