# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01492-COA

EARL BATES                                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/06/2014 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EARL BATES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED PETITION FOR POST-CONVICTION COLLATERAL RELIEF |
| DISPOSITION: | AFFIRMED: 03/08/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     On August 25, 1995, Earl Bates was indicted for murder, two counts of aggravated assault, and possession of a firearm by a felon. On November 20, 1995, the State moved to amend Bates's indictment to charge him as a habitual offender, and the trial court issued an order granting the amendment. The State also submitted a motion to nolle prosequi the fourth count of possession of a firearm by a felon, which the trial court also granted. Bates was convicted of murder and two counts of aggravated assault on November 28, 1995.

¶2.     On July 14, 2014, Bates filed a motion to show cause asking that the State demonstrate the validity of his indictment from his 1995 conviction. Bates argued the

habitual-offender amendment and the deletion of count four rendered the indictment invalid. The trial court treated the motion as a petition for post-conviction collateral relief (PCCR), and dismissed the petition due to the trial court's lack of jurisdiction over the case. Bates appeals this dismissal. We find no error and affirm.

## STANDARD OF REVIEW

¶3. This Court will not overturn a trial court's dismissal of a PCCR petition on appeal "unless the trial court's decision was clearly erroneous." *Chapman v. State*, 135 So. 3d 184, 185 (¶6) (Miss. Ct. App. 2013) (citation omitted). "When reviewing questions of law, this Court's standard of review is de novo." *Id.* (citation omitted).

## ANALYSIS

¶4. Bates primarily argues the amended indictment deleted the phrase "against the peace and dignity of the State," which voided the indictment. Bates also contends that the amendment charging him as a habitual offender was invalid. The State argues that Bates's petition is procedurally barred under the Uniform Post-Conviction Collateral Relief Act (UPCCRA).

¶5. This Court will initially address the procedural bars raised by the State. First, the State contends that the UPCCRA bars Bates's petition as a successive writ. Bates first submitted at least one prior PCCR petition, which the Mississippi Supreme Court dismissed on December 13, 2012. "[A]ny order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-

39-23(6) (Rev. 2015).  Therefore, Bates's petition is barred as a successive writ.

¶6.     However, section 99-39-23(6) sets forth several exceptions to the successive-writ bar.

These exceptions are:

> (1) an intervening decision of the United States Supreme Court or the Mississippi Supreme Court adversely affecting the outcome of his conviction or sentence; (2) new evidence, not reasonably discoverable at trial, which would have caused a different result in the conviction or sentence; or (3) that either his sentence has expired or his parole, probation, or conditional release has been unlawfully revoked.

*Smith v. State*, 118 So. 3d 180, 183 (¶8) (Miss. Ct. App. 2013).  Bates fails to assert that any

of these exceptions apply.  Therefore, section 99-39-23(6) bars his petition.

¶7.     Further, Mississippi Code Annotated section 99-39-7 (Rev. 2015) states that "[w]here

the conviction and sentence have been affirmed on appeal or the appeal has been

dismissed[,]" a petitioner must receive an order from the supreme court allowing the

petitioner to file a PCCR petition in the circuit court.  The supreme court affirmed Bates's

conviction on October 8, 1997, but Bates failed to seek permission from the supreme court

before filing this PCCR petition.  For this reason, the circuit court correctly found it lacked

jurisdiction to hear the petition.  Therefore, Bates's petition remains procedurally barred.

¶8.     As a further procedural contention, the State argues that Bates's petition is time-barred

under the UPCCRA.  Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) states:

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

3

¶9. The trial court sentenced Bates on November 28, 1995, and the supreme court affirmed his conviction on October 8, 1997. This gave Bates until October 8, 2000, to file a PCCR petition contesting the indictment. Bates, however, did not submit this PCCR petition until July 14, 2014, well past the three-year limitation.

¶10. Despite the time limitation, section 99-39-5 does list several exceptions, similar to the exceptions to section 99-39-23(6) for successive writs, to the three-year time-bar for PCCR petitions.

> To be exempt, a movant must show one of the following: (1) an intervening decision of the United States Supreme Court or Mississippi Supreme Court; (2) new evidence, not reasonably discoverable at trial; or (3) his sentence has expired or his parole, probation, or conditional release has been unlawfully revoked. However, the movant carries the burden of proving that one of the exceptions appl[ies].

*Graham v. State*, 151 So. 3d 242, 245 (¶6) (Miss. Ct. App. 2014) (citation omitted). Bates, however, fails to prove any of these exceptions apply.

¶11. Bates only asserts that this Court should find his indictment defective. "Claims alleging [a] defective indictment are barred when a motion for post-conviction relief is not filed within the three-year time limitation." *Cummings v. State*, 130 So. 3d 129, 132 (¶9) (Miss. Ct. App. 2013) (quoting *Barnes v. State*, 949 So. 2d 879, 881 (¶8) (Miss. Ct. App. 2007)). Bates has not argued that any statutory exception, such as an intervening decision or newly discovered evidence, applied to overcome the procedural bar.

¶12. As a further contention, Bates states that the UPCCRA does not apply because he titled his petition as a motion to show cause. However, the trial court correctly treated Bates's petition as one for PCCR, as "a pleading cognizable under the UPCCRA will be

4

treated as a motion for post-conviction relief that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Knox v. State*, 75 So. 3d 1030, 1035 (¶12) (Miss. 2011) (citation omitted). Therefore, Bates's petition is procedurally barred.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DISMISSING THE PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**